The first case for oral argument is First Bank of the Lake v. Buck. Counsel, whenever you're ready, please proceed. Please, of course. My name is Todd Sibia, and I am the, I represent V.M. Hill, Jerry Buck, and Janet Buck. If I look at this case, you know, one of the first things that Judge Chapman asked me in chambers with Mr. Berry was why are we here? We've got a foreign judgment, and, you know, we're registering this foreign judgment. It's usually a procedural rule, and we recognize, you know, we typically recognize the court's jurisdiction and the judgment from other jurisdictions. This case is slightly different. And he asked me, he said, you know, why didn't you file bankruptcy? Why didn't you do this? We're talking about a $4.5 million judgment. And the thing is, my client's good for it. So he's got, this case arose out of a foreclosure in Missouri where the bank loaned my client and an LLC $11 million. And due to all the different recession and all the real estate issues, my client needed more money to finish the project. No one would issue him more money, so a foreclosure proceeding took place. So if we look at, you know, and my client would be here. It's sickening to him to know that, you know, basically his life is in your hands because all, everything that he worked for for 35 years is up for grabs. If the court enters an order continuing with this judgment and entering it in his favor, or in the bank's favor. Well, we are unfortunately often in that position. I know, I know. Let me ask you a question about this. You're basically saying that you should have the opportunity to litigate fraud in the procurement of the original judgment in Missouri. Was the factual basis for your allegation of fraud in the procurement actually litigated in Missouri either at the circuit court level or at the court of appeals level? We believe it was, it was argued in the trial court. Okay. We appealed it. And did the trial court rule on that specific case? They did rule it in that case. And was it argued as an issue on appeal before the court of appeals? It was argued on appeal in Missouri. Okay. And the court looked at the issue and said it was a procedural issue. And that's where. And how did they dispose of it once they characterized it as a procedural issue? As a procedural issue, they, again, denied the motion to vacate based upon the procedural issue of time limits. Okay. So if we look at this context. Well, then let me, my follow-up question is then why aren't you concluding or raising it here? Because, and I think this is a, it's a different argument. And the argument I use is kind of similar to a different case. And I use this in the trial court in Madison County. I use the case Newdow versus Elk Grove. It's a case where under God was an issue in the U.S. Supreme Court. And in that case, the court looked at the procedural rule of standing and denied Mr. Newdow the opportunity to have the Supreme Court rule on the establishment. Or the under God clause. And that's what the bank is trying to say here is we should be precluded because, you know, this procedure, this issue was addressed. Well, same thing with Newdow. Newdow, they addressed under God and, but they found that it was a standing issue that they threw out the case. Now, we can't interpret the Supreme Court case as saying that all cases or the Pledge of Allegiance is unconstitutional because there's under God. And that's a similar argument to what I'm arguing here. Let me refine my question. Did the trial court, did the circuit court in Missouri rule on the merits of your position that you're advocating here? They brought in the procurement. They did. Okay. And the court of appeals basically said you've raised it, but you defaulted because of the procedural issue and specifically timeliness. But noted that it had been raised and ruled on the merits by the circuit court. Yes, they did. And so basically the court of appeals basically said, as we have often said, gently I hope, to our colleagues on the circuit bench, you can be right for a different reason and here's the reason we choose to use to affirm you. Sure. And Your Honor, you know, we're now, you know, this is, you know, and I try to make the, give you the reason why we're here. Right. This is a valuable case and that's why, you know, we're making this argument. But you are correct. They did rule upon the issue in the trial court that on the issue of fraud in the procurement. On the merits. I don't know if they. In other words, they said you didn't, you were wrong. You didn't have a basis to win on the basis of fraud in the procurement. I don't think they went that far. How far did they go? There was a footnote in the Pellet Court decision that just said it was ruled upon. No. And if I. In the circuit court. Oh, in the circuit court. Right. If we look at the circuit court, they basically said, I'm trying to remember the. Sure. I know they spent a lot of time on the timeliness issue, but I believe they did rule. I don't know if they used the word merits. Well, what exactly did the circuit court rule? They ruled that. They ruled that the issue was that they heard testimony that. But there wasn't enough. They didn't issue a finding of fraud. Didn't make. They heard. They took testimony and decided it didn't constitute fraud. I believe so. And this alleged fraud was based upon a verbal agreement. Is that correct? It was. It was. It was a verbal agreement. And actually, if I point to the Pellet, our brief, you know. Is there a reason they didn't write down this agreement? It's pretty important to withhold going forward on a default judgment, which is what happened here. The key words, the key words that Mr. Smith said is. And you can see this on page. It's either a 70 or page. It's an exhibit a. A 69, I believe. I think. I don't know if I remember. That's exactly right. McDowell, right? Yeah. McDowell Rice letter. In that letter, you look at the second page. And in that on that page, it says, if if our understanding, you know, basically that they were going to their agreement was we're going to release the personal guarantees. I believe the settlement amount was if Fox or the Wildwood would pay a half a million dollars. Then we'll release your personal guarantees and you hand over the property and we're done. That was that was the deal. If your clients didn't take chapter 11 because they thought they had this agreement. They could have filed chapter 11. There was a lot of options that were going on. They also had a contract at that point in time to sell the property. The contract was. And understand, because I haven't had an evidentiary hearing, I'm proffering this information because, you know, I believe we're entitled to a evidentiary hearing on the merits of fraud. Whether or not there is fraud or it was presented, only information was presented. Maybe there's malpractice here, but I don't know that there's an evidentiary hearing. There may be malpractice, but unfortunately, that's not what we're here for. I understand. If we look at this, you know, on page two, it says, if this is erroneous, please call me immediately as we need to go forward with the chapter 11 filing. So, you know, my the attorneys for my clients relied upon this, the conversations between McDormand. McDormand is the bank's attorney at that time. And it's clear that McDormand. Is there a dispute whether it was even received because of assent by Telefax? I mean, there is a dispute that they received this letter. So, you know, I don't and Mr. Berry may shed some light on that, but I don't believe that he and I are in dispute with that issue of whether or not it's been received. There's also a second letter that Mr. Powell sent. And I think that may be a couple of pages back, but that was a day day after Mr. McDowell. Pete Smith has sent sent this off. I apologize. I thought I had Mark. For you. But there is a secondary one on May 9th as well. Proper to the court that again, we don't notify them saying if our understanding is correct or agreement is correct. Then we're not moving forward. You know, it's our understanding. You're going to continue this case. And that's what happened here. The case moved forward. The default was entered. I know our clients in my client's box notified Mr. McDowell Rice. That McDowell Rice said, hey, there is an issue, and that was in September. And McDowell Rice waited until May of the following year to file a motion to vacate. And. You know, essentially, if we look at the judgment order, the judgment order is 4.5 million dollars. But if I look at. We look at the motion to set aside. I believe that that's right. B. A 56 is where it starts. So to answer your question with regards to. To. To what? Your Honor, you asked me, so let me. Answer that question. So. If I look at the if we look at the judgment on at a 60 of what the court found. The court finds a delay in filing motion to set aside under the facts to be unreasonable. So I think the court. Did not address. The fraud. In the. I think I think if we look at the conclusions of law above, he doesn't. The judge in the trial court does. Look at this, but if we look at what the judgment finds. I don't know if they address the fraud. In the actual judgment section of the court proceedings. If we look at. Going back again to procedural versus substantive. The procedural rules. If we look at, you know, again, using new Dallas as the example. If the court finds for procedural rule, it's. You can't get to the substantive issue. If you rule on the procedural, and that's why we look to the appellate court. And. Believe that it wasn't fully. Fully litigated. And if we look at hexagons and use hexagons. The case of hexagons. 287. I'll. Or I'll. Appellate. 3rd. District. 623. Or 678. Northeast. To the. 765, which is the 1st. District case. Claims of extrinsic fraud. With the. If they're. Not. Clearly. Addressed. In. The appeal. Due to procedural issues. Issue of extension. Was not fully adjudicated. Missouri. Is a. Illinois case. That was interpreting. Missouri law. One point. That's. You know. That I look at. With regards to. The. The. Issue. With regards to. The evidence of. Fraud. We look at. The case. In our appellate. Or library. Page 3. With regards to doctors. In a doctor's associates versus. Dury. Another 1st. District case. In 2001. Which is 745. Northeast. To the. 1270. In that case. It says. A judgment is open. To collateral attack. Where fraud existed. In its procurement. And the court noted. That party. Attacking a foreign. Judgment. On grounds of. Extensive. Fraud. We carry the burden. Of support. Sporting his. Playing with. Adequate evidentiary. Support. Well. You know. We've. Not see. That's our issue. In this. Court. In the trial court. Is. We. We wanted. To have. An evidentiary hearing. To. To be able to support. And show. The factual basis. And. All we were. Able to do. Is basically. Proper. Our evidence. Through. Previous. Court hearings. And things. In trial transcripts. So. We're. We're really. Addressing this. Issue of. Whether or not. We can. You know. We're entitled. To a hearing. Under the merits. And. That's one of the. You know. I think. You know. About looking at. Proceed. You know. Going back to. Procedural.  Procedurally. Mass. Should have. Allowed us. The evidentiary hearing. Present. Our evidence. And then. If the court. Finds. That. No fraud. Was. In existence. Then. You know. Then. It's. It's up to the court. But. Then. We'll look at it. But if the court says. If you. The court. Says. That we're not. Entitled. To an evidentiary hearing. Then. You know. We look at this. As a de novo. Review. And based upon. The facts. That we were. Able to present. We still ask. That finding. Be that. There was. Fraud. In the procurement. So. Or. There. There was. Yeah. There was fraud. In the procurement. And reverse. And remand. Back to the court. So. All right. Thank you. Thank you. Counsel. Counsel. May it please the court. I'm. Of course. William Ferrier. Yes. I know. All of you. Here today. Yesterday. Mr. City. And I. Were in. Baddest. Italian. And comment. Was made. That we were. Going to be here. This morning. And what was. The issue. Registration. Of foreign judgments. And you could watch. An entire bar. Eyes glazed. This is one of the cases. Though. Had enough. Where we're simply. Dealing with. Constitutional. And when we. The argument. Was presented. To. Judge Chapman. That was the very. Issue. At what point. Do we. Relitigate. Judgment. From another. Jurisdiction. And that's. The sole. Issue. Judge Chapman. Is drafted. By. The. Extraordinary. Opinion. When you look at it. Covering all. Of those issues. Because. But. You ask. You know. What was the underlying. Fact. I don't want. To be hardened. I don't want. To be callous. But the underlying. Facts. Really are. An issue. Unless. There has been. A determination. Somewhere. That extrinsic law. That the box. Was denied. Access. To the courthouse. And that's. What is. Several. Decisions. In the fifth district. That is. What it is. That there is. Evidence. That the box. The defendants. Here. Were denied. The opportunity. To present. Their defense. In court. In Missouri. On the issue of fraud. On the issue of what? On the issue of fraud. But the Missouri court. Did deal with the issue. And when you look at. Exactly. I. It's. The judgment. Overruling. The motion. To set aside. The default judgment. Entered in. Camden County. And for the record. It's C00104. With common law records. You'll see. A very detailed. Finding. In which that. Evidence. Was considered. How would they serve? That was the very. Issue. Considered. By the trial. Judge. And. Ruled upon. In a very detailed. Factual finding. I think it's. Page 897. Of the appellants. Of the appendix. To the appellants. Three. Once that's been. Determined. Once it's been established. That that evidence. Has been presented. In. The foreign. Jurisdiction. There are times. When I get. Criticized.  Foreign. Jurisdiction. But sometimes. It seems to be. But. In another. Out-of-state. Jurisdiction. Once that's been. Determined. It is. No longer. An issue. To be. Relitigated. Anyplace else. Including. Illinois. That's simply. That's the issue. Otherwise. Full. Fated. Credit. Has no. Meaning. Constitution. Otherwise. Every time. A judgment. Is brought. To. Illinois. To be. Registered. And enforced. We would be. Relitigating it. Over and over again. And the very. All of the underlying. Cases. That we've all cited. Stand for the proposition. That that's not the purpose. Of full. Fated. Credit. In this particular case. That judgment. A very detailed. Judgment. Addressing those factual. Issues. Resented. In the trial. Court. It was appealed. And the appellate. Court. Did make a decision. On procedural. Matters. And as so often. As. Has occurred. You gentlemen. Have ruled that way. Having decided. One. Issue. Many. Opinions. Have been written. That says. The remaining. Issues are no longer. To be considered. Because. The judgment. Sustained. Or overruled. Because of this. That's what happened. In Missouri. The Missouri court. In a footnote. Talked about. In a footnote. We didn't talk. About it. In the opinion. Is that right? That's exactly. Right. The appellate. Court. Never addressed. But the appellate. Court. Did not address it. But that's not. The issue. That's. All the appellate. Court.  Is say. In a footnote. We acknowledge this. But the appellate. Court. Concluded. That procedurally. We don't have to go. That far. Now. If the appellate. Court. If the argument. Is advanced. That if the appellate. Court. Does not. Specifically. Address. An issue. That has been ruled. Upon. In the trial. Court. Is that issue. Then. Subject. To review. In the foreign. Jurisdiction. If that were. The case. Any. Issue. Full. Faith. And credit. Has no meaning. In this particular. Case. Extrinsic fraud. Was considered. In the trial. Court. Whether or not. It was sustained. Whether or not. It's the subject. Of appellate. Review. Is no longer. An issue. It has been. Presented. It has been ruled. It has been decided. In favor. Of the bank. In this case. Thus. As has been said. The starting. With a massive. Decision. From this board. That I. I did. The case. Out of the. I think it's. Third division. Doctors. Associates. Versus. Degree. All of them. Say that. Foreign judgment. Is only. Subject. To challenge. On an evidentiary. Basis. If there's. Extrinsic. Fraud. That extrinsic. Fraud. Being. Evidence. Can be advanced. To show. That the defendants. Were denied access. To the courthouse. By some. Means. We're told about. And all of that. Has already been litigated. In Missouri. In a very. Detailed. Very detailed. So. In summary. All the while. All the issues are there. The argument. Advanced by the appellate. Is in spite. Of that. Because. The appellate court.  Specifically. Sustained. Or denied. And of course. The appellate court. Notes it in a footnote. Because of that. That there should. That the defendants. Are now in Illinois. Entitled to a hearing. On whether that occurred. If. That is going to be. A ruling. In every case. Such as this. Then. Foreign judgments. Will always. Be subject. To challenge. And again. The constitutional. Provision. Of full. Enforceability. Will happen. Immediately. In this case. Actually. When we all. Look back. On our careers. Perhaps. These issues. Are much more. Documented. Than many of us. Have seen. At the beginning. Of our careers. And early. In our careers. Here. In this case. The trial court. Took great. Care. To document. Its. Opinion. And the. Factual basis. For. The judge's. Ruling. In the trial. So for those reasons. Briefly. Still haven't. I've never been. Accused. Of stating anything. Briefly. But succinctly stated. The. There is. No. Entitlement. To. An evidentiary. Hearing. In. The. Jurisdiction. Of which. A foreign judgment. Is registered. Absent that. One. Fact. Extrinsic fraud. And in this case. The issue of. Extrinsic fraud. Has. Litigated. Documented. And there's no basis. In this case. For the. Judge Chapman. To have granted. The petition. For. Or the motion. For. An evidentiary hearing. On any fact. Any properly. Registered. Objection. Thank you. Thank you. Counsel. Any questions? Counsel. Excuse me. Thank you. If we look at. Mr. Mr. Berry. Pointed out. As a general rule. Warrant judgments. Very procedural. Very. Very. Constitutional argument. Providing. Good faith. Or. Full faith. Credit. I think. Work here. This is. A slight distinction. And. And. The distinction is. Again. Going back. To that procedural. Versus substantive. Argument. The. The appellate court. In this case. Again. Ruled on a procedural issue. If you. If you read. The appellate opinion. Judge. You made. A great point. It was in a footnote. It wasn't. It wasn't fully addressed. It was only. In a footnote. That the appellate court. Pointed out. This. This issue. Of. Fraud and. Inducement. They didn't. It wasn't addressed. The appellate court. Didn't even. Get to that issue. Because. The appellate court. Thought that the. Timeliness. Was so. Wrong. In their argument. That they couldn't. Rule. On. The issue. Of fraud. Or even get to. The issue of fraud. And procurement. Because. You know. If the. If. Mr. McDormand. Or. Mr. Smith. Or. Somebody from that firm. Would have. Filed. On September. The court. Probably would have. Considered it. If we look at the. If. We look at the record. In the. C. Sixty. Six. Which. I believe. Is. Which is. In the appellate argument. Which is. The judgment. We look. At. To. The. 18. 19. 20. 21. In that argument. If. It was procedural. Neglect. And precludes. The substantive. Rights are. Imputed to. Clients. For purposes. Of emotion. For the week. Of judgment. So. So. In. In the trial. Court. The court. Said. It was. The procedural. Neglect. In that case. Was so wrong. That we can't. Get to the issue. Of fraud. So. Defendants. Hereon. Alleged.  Extrinsic fraud. In the. Extrinsic fraud. Is. Fraud. Is. Fraud. That induced. A party. To default. So. So. Actually. It's. The court. Finds. That there is. Extrinsic fraud. Is fraud. That induced. A party. To default. And I don't know. If that's. If it's a conclusion. Of law. But. That's what the court. Is saying. When one party. Is aware. Of the reasonable.  Should be aware. Of this. Inaccuracy. Is being. Made. By other. Party. Cannot. Claim. That relied. Upon. Misrepresentation. So to justify. Setting aside. The judgment. So. You know. Looking at that. That verbiage. The. The issue is. The. The. Procedural issues. I think. So outweighed. The issue. That. It was hard for. The court. And the appellate court. To. Determine. An opinion. And that's what we. Have here. Too. Again. Going back. To new doubt. If. If. The court. Looks at procedural rules. And say that. Says that. We rule. Upon. Procedural rules. Do we now say. That under God. Is unconstitutional. No we don't. We don't go that far. Because. Procedural. Because the court. Cannot. Address. These issues. And. Just like. Under God. And no doubt. Is. They. They. Uphold it as. Constitutional. Here too. We are asking the court. To. Reverse. And. Remand. This case. Back to the. Court. Because. It was. The. Help. Was procedural. Not.  Thank you. Very much. Thank you. Counsel. We. Appreciate. Brief. Both.